IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| Plaintiff, | : |
| | : Case No. _____ |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NUANCE COMMUNICATIONS, INC., | : |
| LLOYD CARNEY, MARK BENJAMIN, | : **COMPLAINT FOR VIOLATION OF THE** |
| DANIEL BRENNAN, THOMAS EBLING, | : **SECURITIES EXCHANGE ACT OF 1934** |
| BOB FINOCCHIO, LAURA KAISER, | : |
| MICHAL KATZ, MARK LARET, and | : |
| SANJAY VASWANI, | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On April 11, 2021, Nuance Communications, Inc. ("Nuance" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Microsoft Corporation ("Parent") and Big Sky Merger Sub Inc. ("Merger Sub") (together, "Microsoft") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Nuance's stockholders will receive $56.00 per share in cash.

3. On May 17, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy omits material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934

(the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Nuance common stock.

9. Defendant Nuance is a Delaware corporation. Nuance's common stock is traded on the NASDAQ under the ticker symbol "NUAN."

10. Defendant Llyod Carney is Chairman of the Board of Directors of Nuance (the "Board").

11. Defendant Mark Benjamin is Chief Executive Officer and a member of the Board.

12. Defendant Daniel Brennan is a member of the Board.

13. Defendant Thomas Ebling is a member of the Board.

14. Defendant Bob Finocchio is a member of the Board.

15. Defendant Laura Kaiser is a member of the Board.

16. Defendant Michal Katz is a member of the Board.

17. Defendant Mark Laret is a member of the Board.

18. Defendant Sanjay Vaswani is a member of the Board.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Nuance is a technology pioneer with market leadership in conversational AI and ambient intelligence.

21. On April 11, 2021, Nuance entered into the Merger Agreement.

22. Under the terms of the Merger Agreement, Nuance's stockholders will receive $56.00 per share.

23. The press release announcing the Proposed Merger provides as follows:

Microsoft Corp (Nasdaq: MSFT) and Nuance Communications, Inc. (Nasdaq: NUAN) today announced they have entered into a definitive agreement under which Microsoft will acquire Nuance for $56.00 per share, implying a 23% premium to the closing price of Nuance on Friday, April 9, in an all-cash transaction valued at $19.7 billion, inclusive of Nuance's net debt. Nuance is a trusted cloud and AI software leader representing decades of accumulated healthcare and enterprise AI experience. Mark Benjamin will remain CEO of Nuance, reporting to Scott Guthrie, executive vice president of Cloud & AI at Microsoft. The transaction is intended to close this calendar year.

Microsoft has accelerated its efforts to provide industry-specific cloud offerings to support customers and partners as they respond to disruption and new opportunities. These efforts include the Microsoft Cloud for Healthcare, introduced in 2020, which aims to address the comprehensive needs of the rapidly transforming and growing healthcare industry. Today's acquisition announcement represents the latest step in Microsoft's industry-specific cloud strategy.

Nuance is a pioneer and a leading provider of conversational AI and cloud-based ambient clinical intelligence for healthcare providers. Nuance's products include the Dragon Ambient eXperience, Dragon Medical One and PowerScribe One for radiology reporting, all leading clinical speech recognition SaaS offerings built on Microsoft Azure. Nuance's solutions work seamlessly with core healthcare

systems, including longstanding relationships with Electronic Health Records (EHRs), to alleviate the burden of clinical documentation and empower providers to deliver better patient experiences. Nuance solutions are currently used by more than 55% of physicians and 75% of radiologists in the U.S., and used in 77% of U.S. hospitals. Nuance's Healthcare Cloud revenue experienced 37% year-over-year growth in Nuance's fiscal year 2020 (ended September 2020).

Microsoft's acquisition of Nuance builds upon the successful existing partnership between the companies that was announced in 2019. By augmenting the Microsoft Cloud for Healthcare with Nuance's solutions, as well as the benefit of Nuance's expertise and relationships with EHR systems providers, Microsoft will be better able to empower healthcare providers through the power of ambient clinical intelligence and other Microsoft cloud services. The acquisition will double Microsoft's total addressable market (TAM) in the healthcare provider space, bringing the company's TAM in healthcare to nearly $500 billion. Nuance and Microsoft will deepen their existing commitments to the extended partner ecosystem, as well as the highest standards of data privacy, security and compliance.

"Nuance provides the AI layer at the healthcare point of delivery and is a pioneer in the real-world application of enterprise AI," said Satya Nadella, CEO, Microsoft. "AI is technology's most important priority, and healthcare is its most urgent application. Together, with our partner ecosystem, we will put advanced AI solutions into the hands of professionals everywhere to drive better decision-making and create more meaningful connections, as we accelerate growth of Microsoft Cloud in Healthcare and Nuance."

Beyond healthcare, Nuance provides AI expertise and customer engagement solutions across Interactive Voice Response (IVR), virtual assistants, and digital and biometric solutions to companies around the world across all industries. This expertise will come together with the breadth and depth of Microsoft's cloud, including Azure, Teams, and Dynamics 365, to deliver next-generation customer engagement and security solutions.

"Over the past three years, Nuance has streamlined its portfolio to focus on the healthcare and enterprise AI segments, where there has been accelerated demand for advanced conversational AI and ambient solutions," said Mark Benjamin, CEO, Nuance. "To seize this opportunity, we need the right platform to bring focus and global scale to our customers and partners to enable more personal, affordable and effective connections to people and care. The path forward is clearly with Microsoft — who brings intelligent cloud-based services at scale and who shares our passion for the ways technology can make a difference. At the same time, this combination offers a critical opportunity to deliver meaningful and certain value to our shareholders who have driven and supported us on this journey."

The transaction has been unanimously approved by the Boards of Directors of both Nuance and Microsoft. The deal is intended to close by the end of this calendar year and is subject to approval by Nuance's shareholders, the satisfaction of certain regulatory approvals, and other customary closing conditions.

Upon closing, Microsoft expects Nuance's financials to be reported as part of Microsoft's Intelligent Cloud segment. Microsoft expects the acquisition to be minimally dilutive (less than 1 percent) in fiscal year 2022 and to be accretive in fiscal year 2023 to non-GAAP earnings per share, based on the expected close timeframe. Non-GAAP excludes expected impact of purchase accounting adjustments, as well as integration and transaction-related expenses. The acquisition will not impact the completion of its existing share repurchase authorization.

Nadella, Benjamin, Guthrie and Microsoft Chief Financial Officer Amy Hood will host a webcast for investors and media on April 12, 2021, at 8 a.m. Pacific Time/11 a.m. Eastern Time regarding this transaction. The presentation is available via webcast at https://aka.ms/MS-Investor-Call or to international callers at +1 (201) 689-8023 (no password required), or to U.S. callers at (877) 407-0666 (no password required), at that time.

Goldman Sachs & Co. LLC is acting as exclusive financial advisor to Microsoft, while Simpson Thacher & Bartlett LLP is acting as its legal advisor. Evercore is acting as exclusive financial advisor to Nuance, while Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as its legal advisor.

24. On May 17, 2021, defendants filed the Proxy, which omits material information regarding the Proposed Merger.

## Financial Analyses

25. The Proxy omits material information regarding the analyses performed by Evercore Group L.L.C. ("Evercore"), Nuance's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. The Proxy fails to disclose the following with respect to Evercore's Selected Public Company Trading Analysis: (i) the individual multiples for the observed companies; (ii) the basis

for selecting the multiples ranges; (iii) the projections utilized by Evercore; (iv) net debt; and (v) the number of fully diluted shares of common stock of Nuance.

27. The Proxy fails to disclose the following with respect to Evercore's Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values of Nuance; and (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates.

28. The Proxy fails to disclose the following with respect to Evercore's Sum-of-the-Parts Discounted Cash Flow Analysis: (i) projected cash flows and all line items used to calculate projected cash flows; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the basis for applying a revenue multiple of 15.0x-20.0x.

29. The Proxy fails to disclose the following with respect to Evercore's Equity Research Analyst Price Targets analysis: (i) the observed price targets; and (ii) the sources of the observed price targets.

30. The Proxy fails to disclose the following with respect to Evercore's Selected HC & ENT Transactions Analysis: (i) the observed transactions; (ii) the individual multiples for the observed transactions; (iii) estimated net debt; (iv) the basis for selecting the multiples range; and (v) the number of fully diluted shares of common stock of Nuance.

31. The Proxy fails to disclose the following with respect to Evercore's Selected Vertical Software Transactions Analysis: (i) the observed transactions; (ii) the individual multiples for the observed transactions; (iii) estimated net debt; (iv) the basis for selecting the multiples range; and (v) the number of fully diluted shares of common stock of Nuance.

32. The Proxy fails to disclose the following with respect to Evercore's Premiums Paid Analysis: (i) the observed transactions; and (ii) the premiums paid in the observed transactions.

Financial Projections

33. The Proxy omits material information regarding Nuance's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34. The Proxy fails to disclose: (i) the line items used to calculate adjusted EBITDA; (ii) the line items used to calculate unlevered free cash flow; and (iii) projected net income.

Potential Conflicts of Interest

35. The Proxy omits material information regarding potential conflicts of interest.

36. The Proxy fails to disclose the timing and details of the prior services Evercore provided to Nuance and/or its affiliates.

37. The Proxy fails to disclose the timing and details of all communications regarding post-transaction employment and board positions.

38. If disclosed, the omitted information would significantly alter the total mix of information available to Nuance's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Nuance for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.

41. Nuance is liable as the issuer of these statements.

42. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.

43. Due to their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

44. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

46. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

47. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

48. Defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

49. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

50. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth

herein.

51.     The Individual Defendants acted as controlling persons of Nuance within the meaning of Section 20(a) of the Exchange Act as alleged herein.

52.     Due to their positions as officers and/or directors of Nuance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

55.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

56.     The Individual Defendants violated Section 20(a) of the Exchange Act.

57.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

58.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

59. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 2, 2021

**GRABAR LAW OFFICE**

By: /s/ Joshua H. Grabar
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*